JONES, Chief Judge,
delivered the opinion of the court:
This is a suit for Army pay and allowances.
Plaintiff, on February 23, 1950, enlisted in the Regular Army of the United States for a three-year period, which was extended one month, making the expiration date March 23, 1953.
On February 10,1953, he was placed in confinement pending disposition of 12 larceny charges against him. He was tried by general court-martial at Fort Hood, Texas, April 1, 1953. He was found guilty on each of the 12 charges and, after approval by the Commanding General, was sentenced to be dishonorably discharged from the service, to forfeiture of all pay and allowances, and to be confined at hard labor for a period of two years.
The case was then referred to a Board of Review in the office of the Judge Advocate General of the Army, which held that because of certain errors, set out in our finding 2, the verdict should be and was set aside and a rehearing was ordered on July 6,1953.
A formal general court-martial order was entered July 17,1953, by the Commanding General officially setting aside the previous verdict and directing a rehearing before another court-martial to be thereafter designated. On July 21,1953, plaintiff’s case was referred by the Commanding General to another general court-martial.
On July 20, 1953, plaintiff, through his civilian counsel, filed a motion for a rehearing before the Board of Review asking a reconsideration and dismissal on the ground that *376 the evidence was legally insufficient. The motion was denied.
The second and different general court-martial heard plaintiff’s case on the same charges and he was again found guilty on all the charges and specifications.
Before the actual arraignment and before plaintiff had pleaded to the charges on July 31,1953, the plaintiff’s attorney advised the court by plea that plaintiff had on July 30, 1953, deposited in the registered United States mail a petition for grant of review by the United States Court of Military Appeals of the Board of Review’s action in connection with the first trial; that the petition was enclosed in an envelope addressed to the Judge Advocate General of the Army with a request that same be forwarded to the Court of Military Appeals and that the petition for grant of review had not been denied by the Court of Military Appeals. The plea, which is set out in finding 6, then prayed for a finding that the second general court-martial was without jurisdiction.
The plea was overruled.
The letter containing the petition had been mailed at the post office in Waco, Texas, on July 30, 1953, to the Judge Advocate General. It was received in the office of the Judge Advocate General on August 5, 1953. Before that date the trial by the second general court-martial had been completed.
The plaintiff’s petition for grant of review was forwarded by the Judge Advocate General to the Court of Military Appeals.
On August 14, 1953, the plaintiff filed a motion with the Court of Military Appeals stating that he no longer desired to prosecute his petition for grant of review and asked that his petition be dismissed. The motion was granted and the appeal dismissed on September 2,1953.
On September 3, 1953, the convening authority approved the findings and sentence of the second general court-martial. A Board of Review subsequently affirmed the findings and sentence which were substantially the same as those found by the first general court-martial.
Plaintiff filed a petition with the Court of Military Appeals to grant a review of the findings of the second general court-martial. The motion was denied.
*377 Plaintiff remained in confinement until August 23, 1954, when he was dishonorably discharged from the Army. He was under physical control of the Army until that date.
Plaintiff sues for pay and allowances from April 1, 1953, to August 23,1954.
Plaintiff’s first proposition is that since Congress had conferred on the United States Court of Military Appeals the right to grant a review and to review a case of the kind here involved, and that since an application by plaintiff for a review by the court had been deposited in the mail prior to the actual beginning of the second general court-martial trial, the latter was wholly without jurisdiction and the second general court-martial trial and conviction of plaintiff was therefore void.
Plaintiff’s second proposition is that he remained in the United States Army until legally discharged regardless of the fact that his period of enlistment had expired and that he was therefore entitled to pay and allowances at least until they were forfeited by the general court-martial proceeding of August 1,1953.
The defendant responds that if a court-martial proceeding is duly constituted, has jurisdiction of the person accused and of the offense charged and acts within its lawful authority, its decision is not subject to collateral attack or judicial review by the civil courts. It further answers that the record does not show that the second general court-martial proceeding which heard plaintiff’s case did not meet these requirements and that it did in fact meet such requirements and that plaintiff therefore has not been deprived of his rights.
The facts have been stipulated.
It will be noted that the trial and sentence of the first general court-martial proceeding was set aside by the Board of Beview for certain errors in connection with the proceeding and a new trial was ordered by a second and different general court-martial. This order for a new trial was entered at the time the original court-martial was set aside, to wit, July 6, 1953, and a formal order for another court-martial proceeding was entered July 17, 1953, and the trial set for July 31, 1953.
*378 On the day before the actual beginning of the second general court-martial proceeding plaintiff’s attorney, on July 30, 1953, deposited in the mail a petition for a grant of review by the United States Court of Military Appeals. This petition was addressed to the Judge Advocate General, was received by him some four days after the second general court-martial proceeding had been finished and was in due course forwarded to the Court of Military Appeals. According to the established code it was proper to send an application of this kind through these channels. Article 67 of the Uniform Code of Military Appeals (50 U. S. C. 654) contains the following provision:
(b) The Court of Military Appeals shall review the record in the following cases:
(1) All cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;
(2) All cases reviewed by a board of review which The Judge Advocate General orders forwarded to the Court of Military Appeals for review; and
(3) All cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review.
(c) The accused shall have thirty days from the time he is notified of the decision of a board of review to petition the Court of Military Appeals for a grant of review. The court shall act upon such a petition within thirty days of the receipt thereof.
The Code provides that the Court of Military Appeals if it grants a review may affirm, modify or set aside military courts’ findings, or it may order a dismissal of the charges.
It is further noted that the Court of Military Appeals may either grant or reject a petition for review. It apparently acts on such an application somewhat like the Supreme Court passes upon an application for certiorari. If the court decides to review the case it has the powers indicated.
It seems rather strange in the first place that plaintiff would want to appeal the decision of the Board of Review when that decision had been in his favor. The only possible reason for such an application is on the basis that the evidence at the first court-martial trial was wholly insufficient to justify a conviction and that the charges therefore should *379 have been dismissed. This petition was mailed within the 30 days which the rules provided, but we do not think it is sufficient to justify this court in setting aside in a collateral proceeding a court-martial trial and sentence. There are a number of reasons for this conclusion.
In the first place the second general court-martial proceeding had been ordered several days before the petition for a grant of review by the Court of Military Appeals and, while technically within the time, it was never actually granted by the Court of Military Appeals. In fact, after the second general court-martial and sentence, the plaintiff, on August 14, 1953, filed a motion in the Court of Military Appeals in which he asked for a dismissal of his petition for grant of review of the Board of Review’s action in connection with his first trial. The court granted the motion a few days later. He, thus, it seems, voluntarily waived any right which he may have had as a basis for his claim that the second general court-martial had no jurisdiction.
In this connection it may be added that this exact question of the sufficiency of the evidence was presented to the Court of Military Appeals in the application for a grant of review from the second general court-martial trial and sentence. This is shown by exhibit no. 1 on file with the papers of the case and made a part of the stipulation of facts. In plaintiff’s assignments of error nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 plaintiff raised the question of the sufficiency of the evidence. The Court of Military Appeals denied the application and decided the matter adversely to the plaintiff.
So far as the record shows the evidence offered in the second general court-martial proceeding was substantially the same as that offered in the first. No claim was made otherwise. So the only question which plaintiff had raised in his application for a grant of review in connection with the first general court-martial proceeding was decided adversely to plaintiff in the appeal from the second general court-martial proceeding, and in the meantime he had dismissed his claim under the first proceeding.
The United States Court of Military Appeals is the one that has been specially designated and set up to review matters of this kind. The plaintiff had full opportunity to pre *380 sent the matter before that court with its special jurisdiction. That court is given jurisdiction to grant review in all cases which have been reviewed by a board of review, if good cause for such review is shown in the petition of the accused.
In order for this court to grant a judgment for plaintiff on his first proposition it would be necessary to hold that the second general court-martial was wholly without jurisdiction and that its proceedings were therefore void.
In the light of the decision by both general courts-martial and the action by the Court of Military Appeals, it would not be proper for this court to take such action. Burns v. Wilson, 346 U. S. 137; Fly v. United States, 120 C. Cls. 482.
It is well settled that this court, regardless of any errors that may have been committed, cannot grant relief from the consequences of a court-martial sentence if the court-martial had jurisdiction of the case.
We believe, in the light of the stipulated facts, the exhibits, the pleadings, and the briefs, that the plaintiff was tried and convicted by a court-martial having jurisdiction of the person and of the offenses charged.
Plaintiff’s second proposition also lacks merit. Plaintiff claims that even if the second general court-martial was valid, he is entitled to pay and allowances from the date his enlistment expired up to the date of the second trial since he was never discharged from the service during that period. We cannot accept this view. When an enlisted person is in confinement awaiting trial at the time his term of enlistment expires, his pay and allowances terminate on the date his enlistment expires unless he is subsequently acquitted. See 30 Comp. Gen. 449. In the present case plaintiff was not subsequently acquitted but was instead convicted. Therefore he was not entitled to any pay after his term of enlistment expired.
Defendant has filed a counterclaim in the sum of $145.42, the amount it claims it overpaid plaintiff. We do not believe that the evidence is sufficient to justify this court in allowing the cross-action, and it is therefore denied.
The plaintiff’s petition is dismissed.
It is so ordered.
*381 Laramore, Judge; Madden, Judge; WhitakeR, Judge; and LittletoN, Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the facts as stipulated by the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff enlisted in the Regular Army on February 23, 1950, for a period of three years. His period of enlistment was extended one month to March 23, 1953, pursuant to the provisions of Public Law 51, 82d Congress (65 Stat. 75). Plaintiff’s period of enlistment expired on March 23, 1953. Plaintiff has received all pay and allowances through March 23,1953. Plaintiff has also received all pay and allowances from March 23, 1953, to April 1, 1953, and in addition has received $114.80 for the period from April 1, 1953, to April 29, 1953.
2. On February 10, 1953, plaintiff was placed in confinement pending disposition of charges of larceny against him. On that day plaintiff was a private first class and a member of the Military Police Detachment, 4005th Area Service Unit, Station Complement, First Armored Division, Fort Hood, Texas. On April 1, 1953, plaintiff was tried by general court-martial at Fort Hood, Texas, on charges and specifications alleging twelve violations of Article 121 of the Uniform Code of Military Justice as follows :
Charge: Violation of the Uniform Code of Military Justice, Article 121
Specification 1: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 19 January 1953, steal one Kodak Tourist camera, of some value not in excess of $20.00 the property of Private First Class Leroy K. Rupert.
Specification 2: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. *382 Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 30 January 1953, steal one Juica watch, of some value not in excess of $20.00 and one pair of keepsake rings, of some value not in excess of $20.00, a total value of some value less than $20.00, the property of Sergeant First Class Edward M. Markert.
Specification 3: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, Ú. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 31 January 1953, steal one Philco radio, of some value not in excess of $20.00, the property of Private E-2 David A. Stone.
Specification 4: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 2 February 1953, steal four chrome automobile wheel covers, of some value not in excess of. $20.00, the property of Private First Class Maurice L. Field.
Specification 5: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 9 February 1953, steal one pair of Fender skirts, of some value not in excess of $20&0, the property of Sergeant First Class Arthur D. Double.
Specification 6: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 9 February 1953, steal four chrome Ford Wheel covers, of some value not in excess of $20.00, the property of Jack N. Tuttle.
Specification T: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th *383 Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 9 February 1953, steal two chrome bumper tips, of some value not in excess of $20.00, the property of Second Lieutenant John W. Kami or d.
Specification 8: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 9 February 1953, steal one Ford automobile radio, of some value not in excess of $20.00, and one Trav-Electric convertor, of some value not in excess of $20.00, of a total value not in excess of $20.00, the property of Sergeant First Class Hugh G. McLennan.
Specification 9: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, in conjunction with Sergeant Herman J. McKelroy, U. S. Army, Headquarters and Headquarters Company, Combat Command B, 1st Armored Division, at Fort Hood, Texas, on or about 9 February 1953, steal two automobile vanity mirrors, of some value not in excess of $20.00, the property of Master Sergeant Freddie W. Quinn.
Specification 10: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, at Fort Hood, Texas, on or about 30 January 1953, steal one Argus C-3 35 MM camera of some value not in excess of $20.00, the property of Corporal Charles W. Farris.
Specification 11: In that Private First Class Bobby J. Moses, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, did, at Fort Hood, Texas, on or about 5 February 1953, steal one General Electric (Ford) Spotlight, of some value not in excess of $20.00, the property of Private First Class Robert L. Corbin.
Specification 12: In that Private First Class Bobby J. Moses, U. S. Army, Military. Police Detachment, 4005th Area Service Unit, Station Complement, did, at Fort Hood, Texas, on or about 21 January 1953, steal one Firestone Automobile tire, and one Chevrolet tire rim, of some value not in excess of $20.00, the property of Corporal Charles T. Lewis.
*384 Plaintiff was represented at this trial by a civilian attorney of bis own choosing, Mr. William Dminam, Jr., of Waco, Texas, who acted as special counsel, in addition to the regularly appointed defense counsel. Plaintiff was found guilty of all the charges and specifications. The convening authority, the Commanding General of the First Armored Division, approved the findings and sentence, and General Court-Martial Order No. 132 dated April 30, 1953 was issued. Plaintiff was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for two years.
Plaintiff’s case was then referred to a Board of Beview in the Office of the Judge Advocate General of the Army. The Board of Beview held that the general court-martial of April 1,1953 committed errors of law prejudicial to the substantial rights of the accused (1) in that the trial counsel excused seven members of the court and failed to notify eleven other members out of the thirty-one officers detailed to the court, and (2) in that the law officer sustained an objection to a question of whether plaintiff had ever been in trouble in civilian life, which was then answered by an offer of proof that he had not. The Board held that because of these errors the findings of guilty and the sentence were incorrect in law. It set them aside and ordered a rehearing of plaintiff’s case on 6 July 1953.
3. On July 17,1953, General Court-Martial Order No. 210 was issued by the Commanding General of the First Armored Division setting aside the findings of guilty and the sentence, and ordering a rehearing of plaintiff’s case before another court-martial. This order was as follows:
In the general court-martial case of Private First Class BOBBY J. MOSES, BA 25 896 353, U. S. Army, Military Police Detachment, 4005th Area Service Unit, Station Complement, pursuant to Article 66, the findings of guilty and the sentence as promulgated by General Court-Martial Order Number 132, this headquarters, dated 30 April 1953, were set aside on 6 July 1953. A rehearing is ordered before another court-martial to be hereafter designated. (CM 363294)
On July 21,1953, plaintiff’s case was referred for rehearing to another general court-martial by the Commanding General *385 of the First Armored Division. None of the members of this court were on the first court which heard plaintiff’s case.
4. Following the decision of the Board of Beview setting aside plaintiff’s trial of April 1, 1953, plaintiff, through his civilian counsel on July 20, 1953, filed a motion with the Board of Eeview asking for a reconsideration of its decision on the ground that the board should have dismissed the charges against him on the ground that the evidence was legally insufficient to support the findings. The board, after consideration and finding it without merit, denied this motion.
5. Plaintiff’s case was heard by the second and different general court-martial on July 31 and August 1,1953 at Fort ITood, Texas, on the same charges and specifications set forth above in paragraph 2. Plaintiff was represented at this trial by a civilian attorney of his own choosing, Mr. William Dunnam, Jr., of Waco, Texas, who acted as special counsel, in addition to the regularly appointed defense counsel. Plaintiff was found guilty of all the charges and specifications.
6. Before arraignment of plaintiff at the second court-martial trial on July 31,1953, and before plaintiff pleaded to the charges and specifications against him, plaintiff’s civilian attorney, Mr. William Dunnam, Jr., presented the following plea to the court:
Comes Bobby J. Moses, the accused in the above entitled cause, and for special plea in bar herein says that the said court here ought not to take cognizance of the charge and specifications against him herein, because of the following facts:
Heretofore on the 26th day of February 1953 this exact charge and these exact twelve specifications in haec verba were duly and legally referred for trial to a General Court-Martial appointed by Paragraph 1, Special Orders No. 34, Headquarters First Armored Division, dated 10 February 1953, and on the 1st day of April 1953, the said charge and specifications were legally tried upon their merits in said last named court and the said Bobby J. Moses was by the findings of said court convicted of said charge and specifications and was by said court sentenced to be dishonorably discharged from the Service, to forfeit all pay and allowances and to be confined at hard labor for four years. *386 Said findings and sentence were the findings and sentence of a court of competent jurisdiction. Said findings and sentence were approved, except for suspension of the dishonorable discharge, by the Convening Authority and thereafter forwarded to the Judge Advocate General of the Army for review by a board of review. Said findings and sentence were then duly and legally forwarded to and reviewed by a board of review of the U. S. Army, consisting of the Hon. Bichard Scarborough, the Hon. Bichard Beichman and the Hon. John Dodsonn which Board of Beview rendered its decision on the 6th day of July 1953, wherein the said findings and sentence were set aside as incorrect in law and a rehearing was ordered. Said Board of Beview was a board of review of competent jurisdiction. Thereafter, on the 20th day of July 1953 this accused, Bobby J. Moses, duly filed a motion for rehearing in said Board of Beview, which motion was denied by said Board of Beview on the 22 day July 1953. On the 30th day of July 1953 this accused, Bobby J. Moses, duly deposited in the registered United States mail a Petition for Grant of Beview by the United States Court of Military Appeals. Said Petition for Grant of Beview was enclosed in an envelope which was properly addressed to the Judge Advocate General of the Army with a request therein that same be forwarded to the United States Court of Military Appeals. The envelope containing said Petition for Grant of Beview bore sufficient postage and the date duly and legally postmarked upon said envelope was 30 July 1953.. Said Petition for Grant of Beview has not been denied nor has the United States Court of Military Appeals made any order or issued any mandate with reference thereto. Said Petition for Grant of Beview assigns as error the action of the said Board of Beview in ordering a rehearing and its failure to dismiss the aforesaid charge and all 12 of the specifications thereunder. This accused, Bobby J. Moses, and the said Bobby J. Moses so convicted on the 1st day of April 1953 as set out aforesaid are one and same persons and not other and different persons and the charge and twelve specifications of which he was so convicted and which are presently before the U. S. Court of Military Appeals and the Charge and twelve specifications herein and for which he is now being prosecuted in this Court, are one and the same twelve transactions and offenses, respectively and not other or different transactions and offenses.
Of all the above facts, this accused, Bobby J. Moses, is ready to verify.
*387 Wherefore, this accused prays that the Law Officer find and hold that his Court is without jurisdiction to hear, try, and determine the charge herein or any specification thereunder.
The Trial Counsel stipulated that all facts in the above plea were true. The court overruled this plea.
7. By letter dated July 30,1953, one day before the rehearing, the civilian attorney for plaintiff, Mr. William Dunnam, Jr., wrote to the Judge Advocate General enclosing with his letter a petition for a grant of review by the Court of Military Appeals of plaintiff’s trial of April 1, 1953. He requested that this petition be transmitted to the Court of Military Appeals. This letter was mailed from Waco, Texas., and was received in the Office of the Judge Advocate General in Washington, D. C. on August 5,1953. At the time this letter was received in Washington, D. C. the rehearing of plaintiff’s case at Fort Hood, Texas, by the second general court-martial had been completed. Plaintiff’s motion for grant of a review was transmitted by the Judge Advocate General to the Court of Military Appeals.
Eule 22 of the Eules of the United States Court of Military Appeals which was in force in 1953 provided as follows:

B ULE 2%. Petition for Grant of Review.

(a) Time requirement. The accused shall file a Petition for Grant of Eeview within 30 days after receipt of the decision of a board of review in cases appealed to the Court under Article 67 (b) (3).
(b) Postmark; deposit in military channels. A Petition for Grant of Eeview shall be deemed to have been filed upon the date postmarked on the envelope containing the petition, or upon the date when the petition is deposited in military channels for transmittal.
(c) Forwarded through The Judge Advocate General. A Petition for Grant of Eeview should be forwarded through The Judge Advocate General of the service concerned.
8. On August 14,1953, plaintiff filed the following motion in the Court of Military Appeals concerning his trial of April 1,1953:
Comes the accused in the above-entitled cause and makes known to this honorable Court that he no longer *388 desires to prosecute his petition for grant of review and that he desires that the same be dismissed.
Wherefore, accused prays that his petition for grant of review filed herein on the 30th day of July, 1953, be dismissed.
On September 2, 1953, the Court of Military Appeals issued the following order on this motion:
On consideration of appellant’s motion to withdraw the Petition for Grant of Review in the above-entitled action, it is, by the Court, this 2d day of September, 1953,

Ordered:

That said motion be, and the same is, hereby granted.
9. On September 3,1953, the convening authority approved the findings and sentence of the general court-martial which reheard plaintiff’s case on July 31 and August 1,1953. General Court-Martial Order No. 258, dated September 3, 1953 was issued. Plaintiff was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for two years. Execution of the dishonorable discharge was suspended until the release of plaintiff from confinement.
10. Plaintiff’s case was then referred to a Board of Review in the Office of the Judge Advocate General of the Army. The Board of Review affirmed the findings and sentence.
11. Plaintiff filed a petition in the Court of Military Appeals asking the court to grant a review of the findings of the general court-martial which met on July 31 and August 1, 1953. A certified copy of said petition is attached hereto and made a part hereof marked Exhibit 1. The Court of Military Appeals denied plaintiff’s petition for a grant of review on March 31,1954.
12. The sentence of plaintiff as finally approved included, among other things, total forfeiture of all pay and allow-anees. Plaintiff remained in confinement until August 23, 1954. Plaintiff was dishonorably discharged from the service on August 23, 1954. He was not discharged until said date. He was under the physical restraint and control of the Army until that date.
13. Paragraph 5b, Army Regulations 35-1030 dated February 7,1952, which was in effect in 1953 and is still in effect, provides as follows:
*389 The pay and allowances of an enlisted member whose term of enlistment expires while he is in confinement serving sentence will terminate on the date of expiration of his term of enlistment and will not again accrue until he is restored to a duty status. See 11 Comp. Gen. 342.
At the time of plaintiff’s arrest and confinement, plaintiff was receiving pay of $114.66 per month plus $4.20 for clothing and maintenance per month, making a total of $118.86 per month.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is therefore dismissed.