**Jose F.S. SIMOY, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5182.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 6, 2003.

Rehearing and Rehearing En Banc
Denied, July 15, 2003.

———

Before LOURIE, LINN, and PROST,
Circuit Judges.

745

## DECISION

### PER CURIAM.

Jose F.S. Simoy appeals from the decision of the United States Court of Federal Claims granting the United States' motion to dismiss. *Simoy v. United States,* No. 01–489C, slip op. at 3 (Fed.Cl. Sept. 11, 2002). Because the court's decision is not in error, we *affirm.*

## DISCUSSION

Mr. Simoy is a military prisoner serving a life sentence for the felony murder of an airman. Simoy was serving in the United States Air Force under an enlistment that was to expire on March 23, 1992, when in December 1991, in the course of a robbery on an Air Force base, one of Simoy's accomplices killed a man. Military authorities apprehended Simoy in January 1992, and court-martial charges were preferred against him on January 20. The pretrial investigation required by 10 U.S.C. § 832 ("Article 32") was to begin on January 29 but due to repeated requests for delays by Simoy's counsel the Article 32 hearing did not take place until April 7. In the meantime, Simoy's enlistment expired on March 23, at which time he was administratively placed in an unpaid status in order to prevent his separation or retirement. On April 21, charges were referred to a trial by general court-martial. On July 22, Simoy was convicted by court-martial and sentenced to death and forfeiture of all pay and allowances. In 1996, the United States Court of Appeals for the Armed Forces affirmed Simoy's conviction but ordered resentencing because it concluded that the military judge's instructions regarding the death sentence were erroneous. *United States v. Simoy,* 50 M.J. 1, 2 (U.S.A.F.1998). In 1999, Simoy was resentenced to life imprisonment. His new sentence did not include a forfeiture of pay or allowances.

Simoy brought suit in the United States Court of Federal Claims, seeking pay and allowances for the nearly ten-year period between the expiration of his enlistment (March 23, 1992) and the approval by the convening authority of his resentencing (February 8, 2002). *Simoy,* slip op. at 1. The court granted the United States' motion to dismiss, citing *Moses v. United States,* 137 Ct.Cl. 374, 1957 WL 8298 (1957) and rejecting Simoy's contention that the rule stated in *Moses* violates the Thirteenth Amendment. *Moses* held that "[w]hen an enlisted person is in confinement awaiting trial at the time his term of enlistment expires, his pay and allowances terminate on the date his enlistment expires unless he is subsequently acquitted." *Id.* at 380. Simoy has appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

We review the court's grant of a motion to dismiss *de novo. Wheeler v. United States,* 11 F.3d 156, 158 (Fed.Cir.1993) ("This court reviews *de novo* whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law." (citations omitted)).

On appeal, Simoy argues that the court erred by not applying the following authorities: (1) *Bell v. United States,* 366 U.S. 393, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961); (2) *Dickenson v. United States,* 163 Ct.Cl. 512, 1963 WL 8493 (1963); (3) *Graham v. United States,* 36 Fed.Cl. 430 (1996); (4) *Dock v. United States,* 46 F.3d 1083 (Fed. Cir.1995); and (5) 7A Department of Defense Financial Management Regulations ("DOD FMR"), ch. 48, ¶¶ 480901–02 (2001), which entitle him to back pay for the period of his post-enlistment detainment until his second sentence was approved by a convening authority.

Simoy's arguments are unpersuasive. The Court of Federal Claims applied the settled rule of law that an enlistee may be held in service without pay pending court-martial after his enlistment expires, unless he is subsequently acquitted. *Moses,* 137 Ct.Cl. at 380; that rule is codified in 7A DOD FMR, ch. 3, ¶ 030207(D) (2000) ("If a member is confined awaiting court-martial when the enlistment expires, pay and allowances end on the date the enlistment expires. If the member is acquitted when tried, pay and allowances accrue until discharge."). Simoy's situation precisely fits the rule. On March 23, 1992, when his enlistment expired, he was confined awaiting court-martial. He was subsequently convicted and never acquitted.

The authorities cited by Simoy, while only sketchily responded to by the government, do not compel a different result. First, *Bell* addresses a different fact situation. In that case, the Supreme Court held that American soldiers serving in the Korean War who were prisoners of war at the time their enlistments expired and who acted with disloyalty to their country while imprisoned were nonetheless statutorily entitled to pay during their imprisonment after expiration of their enlistment. 366 U.S. at 415–16. The distinction between soldiers held as prisoners of war and those awaiting court-martial at the time their enlistments expire, however, makes that holding inapplicable to this case. Simoy was not a prisoner of war. Moreover, the Court in *Bell* held only that the soldiers' conduct while imprisoned did not deprive them of their pay and allowances. *Id.*

*Dickenson* also addresses a different situation. In that case, Dickenson's enlistment also expired while he was a prisoner of war. The Army held him in active status through the duration of his imprisonment and then for a short period of time thereafter for medical treatment. Nine

months after expiration of his enlistment, he was subjected to court-martial charges. The Court of Claims held that he was entitled to pay for the period during which the court-martial charges were pending, even though he was later convicted. Like the soldiers in *Bell*, and unlike Simoy, Dickenson was not awaiting court-martial when his enlistment expired. Rather, his enlistment expired long before he was subjected to court-martial charges, and the Army held him in active service not because court-martial charges were then pending against him, but because of his status as a prisoner of war and his subsequent need for medical care. At the time his enlistment expired Simoy was awaiting court-martial – a situation squarely controlled by *Moses*.

In *Graham*, the Court of Federal Claims denied the government's motion to dismiss a reservist's claim for recovery of pay withheld prior to approval of his court-martial conviction. 36 Fed.Cl. at 431. The court did so because Graham's enlistment did not expire until after a convening authority had approved his court-martial conviction and sentence. *Id.* at 432. In contrast, Simoy's enlistment expired while he was awaiting court-martial.

*Dock* also does not support Simoy. In that case, the service member was convicted by court-martial, and during the pendency of his appeal from that conviction his enlistment expired. 46 F.3d at 1086. The conviction was set aside on appeal, but he was subsequently reconvicted. *Id.* Dock sought recovery of pay withheld as a result of the first conviction, *id.*, but we interpreted 10 U.S.C. § 875(a) ("Article 75(a)") to bar his recovery because the second sentence reimposed the same forfeiture, *id.* at 1087, 1093. Simoy argues that the opposite result should occur in his case because his reconviction did not include the same sentence of forfeiture. We

disagree. Simoy's argument fails because, even though Simoy's resentencing did not include forfeiture of pay and allowances, *Moses* requires that a service member's entitlement to pay ceases when his enlistment expires, even though he is administratively held in active service pending subsequent court-martial, unless he is later acquitted, *Moses*, 137 Ct.Cl. at 380. *Dock*, which does not deal with a pre-conviction expiration of enlistment, is therefore inapposite to the present case. Moreover, to the extent that *Dock* could be interpreted to conflict with *Moses*, the *Moses* holding prevails as being earlier in time and thus binding on this court.

Finally, the DOD FMRs cited by Simoy do not support his claim for recovery of pay. Paragraph 480901 addresses the situation "when new trial or rehearing is not ordered" and is thus inapplicable to Simoy. Paragraph 480902, although applicable in a case like Simoy's in which a "court martial sentence which includes a forfeiture is set aside or disapproved, and a new trial or rehearing is ordered," assumes that the service member is otherwise entitled to pay. Paragraph 480902 does not apply to a situation in which entitlement to pay ceased when Simoy's enlistment expired prior to his conviction.

We have carefully considered Simoy's remaining arguments and find them to be unconvincing.

Because we find no legal error in the court's decision, we affirm.