Douglas A. ANDERSON, Jr.,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 03–5051.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 10, 2003.

---

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

LINN, Circuit Judge.

Douglas A. Anderson, Jr., appeals from a decision by the United States Court of Federal Claims granting partial summary judgment to Anderson with respect to his claims for military E–3 pay and allowances up to the date on which his term of enlistment expired, dismissing his claims for pay after that date without prejudice, and granting partial summary judgment to the

United States with respect to Anderson's claims for interest and "illegal confinement pay." *Anderson v. United States,* 54 Fed. Cl. 620 (2002) *("Anderson").* Because the Court of Federal Claims did not err in awarding Anderson pay only up to the date on which his term of enlistment expired, we *affirm.*

I

On November 9, 1992, Anderson enlisted for a four-year term in the regular component of the United States Marine Corps, which was to be followed by an additional four years in a reserve component. His end of active service date was extended once, to December 5, 1996, to reflect additional service time owed to compensate for an unauthorized absence. Shortly before his term of enlistment ended, however, on September 26, 1996, a general court-martial convicted him of conspiracy, unauthorized absence, and robbery, for offenses committed prior to February 7, 1996, and sentenced him to dishonorable discharge, twenty years' confinement, forfeiture of all pay and allowances, and reduction from pay grade E–3 to pay grade E–1. The Government terminated Anderson's pay and allowances on October 10, 1996. On December 27, 1996, the convening authority (the officer empowered to convene a general court-martial) approved the findings and sentence of the court-martial. The Navy–Marine Corps Court of Criminal Appeals affirmed the findings and sentence, *United States v. Anderson,* No. 97–00058, 1999 WL 350826 (N.M.Ct.Crim.App. May 27, 1999), and reaffirmed them on reconsideration, *United States v. Anderson,* 50 M.J. 856 (N.M.Ct.Crim.App. 1999). The Court of Appeals for the Armed Forces further affirmed the court-martial conviction, but set aside the convening authority's action as to the sentence on the grounds that the convening authori-

ty had reviewed matter that Anderson had not been given the opportunity to rebut, and ordered that the record be submitted to a different convening authority for action. *United States v. Anderson,* 53 M.J. 374 (C.A.A.F.2000).

Anderson then filed a complaint in the U.S. Court of Federal Claims for back pay from October 10, 1996 until the new convening authority acts on the sentence, as well as for "illegal confinement" and "penalty interest" pay, for a total of $2,200,000, and also for correction of his military records to reflect that his military status was "inactive reserve" as of his end of service date. The Court of Federal Claims granted Anderson partial summary judgment as to his claim for back pay up until the end of service date, December 5, 1996; dismissed his claim for back pay after that date without prejudice to renewal after his court-martial finally reaches finality in the military court system; dismissed the claim for correction of his military records for lack of jurisdiction; and granted the United States summary judgment as to the remainder of the claims. *Anderson,* 54 Fed.Cl. at 629.

Anderson appeals the Court of Federal Claims' holding that he was ineligible to receive any pay for service after December 5, 1996. Neither he nor the Government contests his award of $2,386.00, the amount of E–3 pay and allowances for the period from October 10, 1996, when the forfeiture provision was erroneously applied to terminate his pay, through December 5, 1996, when his term of enlistment expired. Nor does he or the Government contest the facts; although Anderson's informal *pro se* brief before this Court alleges that the trial court incorrectly decided or failed to take into account some facts, all of the facts he lists were undisputed and the Court of Federal Claims took them into account.

## II

A grant of summary judgment by the Court of Federal Claims is reviewed de novo. *Dock v. United States,* 46 F.3d 1083, 1086 (Fed.Cir.1995).

Anderson advances four legal theories as to why he is entitled to further relief. First, he argues that he was automatically transferred to inactive reserve status upon the completion of his term of enlistment, and that payment for any time spent in custody thereafter is governed by the regulations pertaining to payment of inactive personnel. Second, he argues that under Supreme Court and Federal Circuit precedent, a sentence including forfeiture can begin only with the action of the convening authority, which did not occur until December 27, 1996. Anderson accordingly argues that he is entitled to pay for the period from December 6 until December 27. Third, Anderson argues that the Court of Federal Claims incorrectly failed to apply DOD Financial Management Regulation ¶ 480901 (Feb.2001), which provides that forfeitures do not apply if a court martial sentence is set aside and a new trial or rehearing is not ordered, and that he is thus entitled to pay until a second convening authority approves his sentence. Finally, Anderson argues that his pay is statutorily mandated until the second convening authority approves his sentence.

## A

■ Anderson's first theory is without merit. As the Court of Federal Claims explained, by statute, "[a] member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him...." 10

U.S.C. § 1168(a) (2000). Because no certificate of release from active duty was ever prepared for him, Anderson remained on active duty until after the convening authority approved his sentence; indeed, the record shows no indication that his dishonorable discharge has yet been processed. As such, any claim that Anderson may have for pay must be based upon statutes or regulations directing the payment of active duty servicemen.

## B

Anderson further claims that the precedent of the Supreme Court commands a different outcome for his case. However, the Supreme Court case Anderson cites, *Bell v. United States*, 366 U.S. 393, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961), concerns forfeiture of pay prior to conviction by a court-martial. In *Bell*, the Supreme Court held that American soldiers who acted with disloyalty while serving as prisoners of war were nonetheless statutorily entitled to pay during their imprisonment, even after their enlistments had expired. 366 U.S. at 415–16. Unlike Anderson, however, the soldiers in *Bell* had not been court-martialed, and because they were prisoners of war, they remained on active duty. Similarly, *Dickenson v. United States*, 163 Ct.Cl. 512, 1963 WL 8493 (1963), also involved the court-martial of a released prisoner of war. Although the Court of Claims awarded back pay in that case through the date the convening authority approved the court-martial sentence, the facts here are distinguishable. In *Dickenson*, the period of enlistment expired well before court-martial charges were preferred, and Dickinson was held in active status because of his status as a prisoner-of-war and need for medical care.

■ In contrast, Anderson's situation is squarely controlled by the rule announced in *Moses v. United States*, 137 Ct.Cl. 374,

1957 WL 8298 (1957), that "[w]hen an enlisted person is in confinement awaiting trial at the time his enlistment expires, his pay and allowances terminate on the date his enlistment expires." *Id.* at 386. Anderson was in confinement, awaiting approval of his sentence, when his enlistment expired, and the Court of Federal Claims correctly determined that his pay and allowances terminated on that date, December 5, 1996.

## C

■ Anderson's citation of DOD Financial Management Regulation ¶ 480901 is inapposite. Paragraph 480901 provides:

*When New Trial or Rehearing Is Not Ordered.* When a court martial sentence is set aside or disapproved and a new trial or rehearing is not ordered, all rights, privileges, and property affected by the executed part of the sentence are restored to the member. Such restoration includes any executed forfeiture any any pay and allowances lost as a result of an executed reduction in grade.

Although Anderson's court martial sentence was set aside on procedural grounds, the Court of Appeals for the Armed Forces ordered the trial record to be submitted to a different convening authority for action on the sentence. *United States v. Anderson*, 53 M.J. 374 (C.A.A.F.2000). Because a rehearing was ordered in Anderson's case, DOD Financial Management Regulation ¶ 480901 does not apply.

## D

■ Anderson's final theory, that his pay is statutorily mandated by 37 U.S.C. § 206(a) or § 204(a), is similarly unavailing. Section 206 concerns payments of reservists. For the reasons discussed above, section 206 does not pertain to Anderson. Section 204 states simply that

active-duty servicemen are entitled to basic pay commensurate with their rank, but this does not apply to a serviceman whose pay has been forfeited by a court-martial when that serviceman's term of enlistment expired while he was in custody. *See Moses*, 137 Ct.Cl. at 386; 10 U.S.C. § 857 (2000).

Because Anderson has not established an entitlement to pay for any period after his term of enlistment expired, we affirm the judgment of the Court of Federal Claims.