**Jose F.S. SIMOY, et al., Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 04–5136.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 6, 2004.

Jose F.S. Simoy, Fort Leavenworth, KS, Pro Se.

Stephen E. Boone, Jr., Fort Leavenworth, KS, Pro Se.

Michael P. Paalan, Fort Leavenworth, KS, Pro Se.

Douglas Anderson, Jr., Fort Leavenworth, KS, Pro Se.

Fernando Garcia, Pro Se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellants Jose F.S. Simoy, Douglas A. Anderson, Jr., and Michael P. Paalan. It is

ORDERED AND ADJUDGED that the district court's judgment filed January 9, 2004, be affirmed. The district court properly dismissed the claims of appellants Simoy, Anderson, and Paalan for military pay and allowances because the judgments on the merits in the prior suits (as cited in the complaint and the record on appeal) bar claims involving the same parties based on the same cause of action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 N.5 (1979). Appellants' attack on those decisions cannot be considered by this court; this circuit has no authority to review collaterally the decisions of a sister circuit. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong ...."); *Dynaquest Corp. v. U.S. Postal Service*, 242 F.3d 1070, 1075 (D.C.Cir.2001). Contrary to appellants' contention, the Thirteenth Amendment claims of Simoy and Paalan were decided on the merits based on a determination that involuntary active duty does not violate the Constitution. *Simoy v. United States*, No. 01–

489C (Fed.Cl.2002), *aff'd*, 64 Fed.Appx. 745 (Fed.Cir.2003); *Paalan v. United States*, 51 Fed. Cl. 738 (2002). The pendency of an appeal does not diminish the preclusive effect of the judgment of the Court of Federal Claims. *See Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497–98 (D.C.Cir.1983); *see also Paalan v. United States*, 57 Fed. Cl. 15 (2003) (dismissing back pay claim based on res judicata).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.