# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, SALADINO, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARIO I. LOPEZ**
**United States Army, Appellant**

ARMY 20140973

Headquarters, III Corps and Fort Hood
Wade N. Faulkner and Kenneth W. Shahan, Military Judges (trial)
Douglas K. Watkins and G. Bret Batdorff, Military Judges (sentence rehearing)
Colonel Ian G. Corey, Staff Judge Advocate (trial)
Colonel Susan K. Arnold, Staff Judge Advocate (sentence rehearing)

For Appellant:  Captain Augustus Turner, JA (argued); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Augustus Turner, JA (on brief and reply brief).

For Appellee:  Captain Natanyah Ganz, JA (argued); Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

22 June 2018

------------------------------------------------------
MEMORANDUM OPINION ON REMAND
------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALADINO, Judge:

This case concerns how a soldier's status may affect his entitlement to pay, and at which rate.  At issue in this appeal is whether the government illegally punished appellant, in violation of Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2012), when it stopped his pay after the expiration of his term of service (ETS), while he was in pretrial confinement pending a rehearing. This case is complicated by a conflict of laws between two appellate courts and a conflict between statute and regulation.  However, these conflicts need not be resolved in order to reach our conclusion that appellant was not illegally punished. Furthermore, we do not find a sufficient basis to grant relief under Article 66(c), UCMJ.

**BACKGROUND**

On 19 December 2014, a panel of officer members, sitting as a general court-martial, convicted appellant contrary to his pleas of rape and indecent liberties with a child, in violation of Article 120, UCMJ, and sentenced him to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged, except the automatic and adjudged forfeiture of pay and allowances, which were deferred until appellant's ETS. After appellant's ETS on 19 March 2015, the Defense Finance and Accounting Service (DFAS) stopped appellant's pay in accordance with Dep't of Def. Reg. 7000.14-R, Financial Management Regulation [hereinafter DOD Reg. 7000.14-R], vol. 7A, ch. 1, para. 010402G (June 2014). In relevant parts, DOD Reg. 7000.14-R states:

> 1. <u>General</u>. Pay and allowances accrue to a member upon return to a full-duty status. Full duty is attained when a member, *not in confinement*, is assigned useful and productive duties (as opposed to duties prescribed by regulations for confinement facilities) on a full-time basis which are not inconsistent with the grade, length of service, and military occupational specialty (MOS). . . .
>
> . . . .
>
> 3. <u>Enlistment Expires Before Trial</u>. An enlisted member retained in the Military Service for the purpose of trial by court-martial is not entitled to pay for any period after the expiration of the enlistment unless acquitted or the charges are dismissed, or the member is retained in or restored to a full-duty status.
>
> 4. <u>Confined Awaiting Trial by Court-Martial</u>. If a member is confined awaiting court-martial trial when the enlistment expires, then *pay and allowances end on the date the enlistment expires*. If the member is acquitted when tried, then pay and allowances accrue until discharge.
>
> 5. <u>Confined Serving Court-Martial Sentence</u>. If a member is confined serving a court-martial sentence when the enlistment expires, then pay and allowances end on the date the enlistment expires unless the sentence is completely overturned or set aside as specified in chapter 48, section 4809. *Pay and allowances will not accrue again until the date the member is restored to a full-duty status*.

. . . .

> 10. <u>Appellate Review of Court-Martial Sentence</u>. A confined member who is pending appellate review of his or her court-martial sentence is not entitled to pay and allowances after the expiration of term of enlistment, *unless the conviction is completely overturned or set aside*.

DOD Reg. 7000.14-R, para. 010402G (emphasis added).

On appeal, this court summarily affirmed the findings of guilty and the sentence as approved by the convening authority. *United States v. Lopez*, ARMY 20140973 (Army Ct. Crim. App. 5 Apr. 2016). On 20 March 2017, the United States Court of Appeals for the Armed Forces (CAAF) set aside the finding of guilty for indecent liberties with a child and the sentence, affirmed the remaining findings of guilty for rape, and authorized a rehearing. *United States v. Lopez*, 76 M.J. 151, 156 (C.A.A.F. 2017). The government placed appellant in pretrial confinement pending the rehearing.[1]

During an Article 39(a), UCMJ, session on 7 July 2017, appellant petitioned for relief under Article 13, UCMJ, for receiving no pay while pending rehearing. Appellant's defense counsel argued the recent CAAF decision in *United States v. Howell*, 75 M.J. 386 (C.A.A.F. 2016), bound the government to pay appellant at his pretrial grade of E-5 while pending rehearing. Counsel further argued the government deliberately disregarded *Howell*, which amounted to an intent to punish appellant. In response, trial counsel argued the military judge could not award Article 13, UCMJ, credit because DOD Reg 7000.14-R authorized the government to stop paying appellant beyond his ETS when retained on active duty for trial purposes. The trial counsel also presented a letter from DFAS counsel contending that DFAS was bound only by decisions of the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit [hereinafter Claims Courts], not the CAAF. DFAS counsel asserted the Claims Courts' interpretation of Article 75(a), UCMJ, conflicted with *Howell*, so DFAS had no authority to pay appellant. The military judge deferred ruling on the motion.

At the conclusion of the sentence rehearing on 11 July 2017, a panel with enlisted members, sitting as a general court-martial, sentenced appellant to a dishonorable discharge, confinement for thirteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. In an Article 39(a), UCMJ, session after the panel announced the sentence, the military judge denied appellant's motion for Article 13, UCMJ, credit.

---

[1] The convening authority elected not to re-try appellant for the indecent liberties offense.

Pursuant to the terms of a post-trial agreement,[2] the convening authority approved only forty-eight months of confinement and the remainder of the sentence as adjudged. The convening authority also credited appellant with 935 days of pretrial confinement credit.[3]

This case is once again before our court under Article 66, UCMJ. Appellant assigns two errors for our review. First, appellant claims the government's refusal to pay him past his ETS while pending a rehearing was illegal pretrial punishment. Second, even if the termination of pay did not amount to illegal pretrial punishment, appellant alleges the government's otherwise illegal withholding of pay merits sentencing relief under Article 66(c), UCMJ.

## LAW AND DISCUSSION

### A. Article 13, UCMJ

Whether an appellant is entitled to credit for a violation of Article 13, UCMJ, is a mixed question of fact and law. *United States v. Crawford*, 62 M.J. 411, 414 (C.A.A.F. 2006). "The question of intent to punish is 'one significant factor in [the] judicial calculus' for determining whether there has been an Article 13 violation." *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002) (quoting *United States v. Huffman*, 40 M.J. 225, 227 (1994)). "We will not overturn a military judge's findings of fact, including a finding of no intent to punish, unless they are clearly erroneous." *Id.* The ultimate question "[w]hether the facts amount to a violation of Article 13, UCMJ, is a matter of law" that we review de novo. *Crawford*, 62 M.J. at 414 (citing *Mosby*, 56 M.J. at 310).

Article 13, UCMJ, prohibits, in relevant part, illegal pretrial punishment or penalty. There is illegal pretrial punishment when, prior to announcement of a sentence, the government imposes conditions with a purpose or intent to punish as shown by either (1) the intent of the government officials or (2) the purposes served by the restriction or condition, and whether such purposes are reasonably related to a legitimate, non-punitive, governmental objective. *Howell*, 75 M.J. at 395.

Following the announcement of the new sentence, the military judge denied the Article 13, UCMJ, motion. Although he believed DFAS's position was wrong,

---

[2] In a post-trial agreement, appellant agreed to waive his right to challenge proper composition of the sentence rehearing panel based on facts discovered post-hearing in exchange for a twelve-month sentence reduction.

[3] Appellant received 935 days of pretrial confinement credit for 846 days of confinement served as a result of the first sentence that was set aside and 89 days of confinement served while awaiting his sentence rehearing.

he stated why he found no violation of Article 13, UCMJ, in this case:

> The defense asked the court to find a violation of Article 13 due to the fact that the accused has not received military pay since his sentence was vacated by the [CAAF]. That motion is denied. I find that the [CAAF's] decision in the case of *Howell* . . . to be controlling. While I, like the judge--the original trial judge in *Howell* disagreed with DFAS's interpretations and their policy and their practice on this issue, *Howell v. United States* is controlling law. I found nothing to give me the authority to go against the ruling issued by [the CAAF] in *Howell v. United States*. I find for the exact same reasons outlined in that opinion that the defense failed to meet its burden to prove a violation of Article 13. There was no intent to punish shown to this court. While reasonable minds, even reasonable legal minds may disagree regarding the interpretation of [DOD Reg. 7000.14-R] and other financial regulations and Article 75 of the UCMJ, it was not done with an intent to punish the accused and there was a reasonable government objective when the authorities with the finance system made the decision that they did.

We agree with trial judge's ruling and analysis. Although *Howell* constitutes the final word from our higher court on this issue, it is neither dispositive of the issues in the instant case, nor does it serve as a basis to grant Article 13, UCMJ, relief to appellant.

### B.  Howell*'s Application and DOD Reg. 7000.14-R*

Similar to the disagreement between the CAAF and the Claims Courts discussed in *Howell*, a federal statute appears to be at odds with a regulation. By statute, members of a uniformed service on active duty "are entitled to the basic pay of the pay grade to which [they are] assigned. . . ." 37 U.S.C. § 204(a). The statute does not contemplate whether soldiers who are administratively extended for purposes of courts-martial are on "active duty." However, the Claims Courts have stated that it is a settled rule of law "that an enlistee may be held in service without pay pending court-martial after his enlistment expires, unless he is subsequently acquitted." *Simoy v. United States*, 64 F. Appx. 745, 746 (Fed. Cir. 2003) (citing *Moses v. United States*, 137 Ct. Cl. 374, 380 (1957)). This rationale is codified in DOD Reg. 7000.14-R, para. 010402G.4 ("If a member is confined awaiting court-martial trial when the [member's] enlistment expires, then pay and allowances end on the date the enlistment expires."). The regulation further states that if an enlisted soldier reaches his or her ETS while pending court-martial, that soldier is not

entitled to pay unless restored to a full-duty status. *Id.*, para. 010402G.3. An enlisted soldier can only be on "full duty" if the soldier is "*not in confinement . . . .*" *Id.*, para. 010402G.l.

Appellant relies on *Bell v. United States*, 366 U.S. 393 (1961), for the proposition that he is entitled pay due to his involuntary administrative extension on active duty. In *Bell*, the United States Supreme Court addressed whether soldiers pending trial on aiding the enemy charges were entitled to back pay. The government argued "the petitioners violated their obligation of faithful service" and breached their enlistment contracts. However, the Court held the common-law principles regarding private contracts did not apply to military pay because soldiers have a statutory right to their pay. *Id.* at 401. Since the government's action in this case does not rely on a breach of contract theory, our decision does not rely on *Bell*. Rather, we review the propriety of the government's reliance on DOD Reg. 7000.14-R as a basis for withholding appellant's pay.

While recognizing the conflict of laws discussed above, we do not find it necessary to reconcile any tension between 37 U.S.C. § 204 and DOD Reg. 7000.14-R to determine whether Article 13, UCMJ, credit is warranted. In particular, we note that regulations such as DOD Reg. 7000.14-R serve a legitimate government objective in governing when, how, and if a soldier is to be paid. *See Paalan v. United States*, 51 Fed. Cl. 738, 744-45 (Fed. Cl. 2002) (citing *Dock v. United States*, 46 F.3d 1083, 1091-92 (Fed. Cir. 1995)). Here, DOD Reg. 7000.14-R defines, within the context of the statute, what constitutes an active duty soldier and when a soldier is entitled to pay. In deciding a similar issue, the United States Navy-Marine Corps Court of Criminal Appeals stated:

> Whether the statute "trumps" the regulation, or the regulation is an authorized implementation of statutory authority, is a question outside the proper purview of this court. The appellant may seek relief on this basis, if he chooses, from the Board for Correction of Naval Records under 10 U.S.C. § 1552, and, if he deems necessary, from the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491, or a United States District Court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

*United States v. Fischer*, 60 M.J. 650, 652 (N.M. Ct. Crim. App. 2004) (citing *Keys v. Cole*, 31 M.J. 228, 234 (C.M.A. 1990), and *United States v. Webb*, 53 M.J. 702, 704 (Army Ct. Crim. App. 2000)).

The memorandum from DFAS counsel presented to the military judge contained an analysis of the law and a non-punitive application of the rules governing pay for soldiers in confinement. According to Army regulations, a soldier may be involuntarily retained on active duty well beyond his or her ETS if in a

6

situation that may result in a court-martial. Soldiers remain on active duty through the pendency of a court-martial, regardless of the soldier's ETS. Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations, para. 1-22 (Rapid Action Revision, 6 Sept. 2011).

Appellant relies heavily on *Howell*, claiming it is dispositive on this matter and serves as the basis for both Article 13 relief and payment for appellant. Yet *Howell* is easily distinguishable on the facts. After all of Staff Sergeant (SSgt) Howell's convictions were set aside, he returned to full duty with the U.S. Marine Corps, performing duties commensurate with his rank. In this case, appellant was held in pretrial confinement after only one conviction and the sentence were set aside, and he remained convicted of rape. In addition, SSgt Howell's term of enlistment had not expired, while appellant exceeded his ETS well before the CAAF set aside his sentence.

Here, the record does not indicate that the government acted arbitrarily or in disregard of appellant's rights. In fact, the government made efforts on behalf of appellant to ascertain whether DFAS would pay him and was told that he was not entitled to pay. As such, we concur with the military judge's factual findings that the government lacked the intent to punish. Furthermore, we find that DFAS's reliance on its own regulation (DOD Reg. 7000.14-R) and its legal determination that it was bound by the Claims Courts' interpretation of Article 75, UCMJ, furthers a legitimate government objective. Thus, we find no Article 13, UCMJ, violation in this case.

### C. Article 66, UCMJ

Appellant asks this court to use its Article 66(c), UCMJ, powers to right an "intentional injustice suffered at the hands of the government . . . ." However, we are not a court of equity and cannot grant relief on these grounds. This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(c). "While [this court] clearly has the authority to disapprove part or all of the sentence and findings, nothing suggests that Congress intended to provide [this court] with unfettered discretion to do so for any reason, for no reason, or on equitable grounds . . . ." *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010).

Here, appellant does not expressly state, nor do we find, that his sentence was too severe. Instead, appellant only contends that he is entitled to some relief that would lessen his sentence. Any grant of discretion to determine whether a sentence "should be approved" is based in law, not equity, and this court may only find a sentence to be inappropriate pursuant to principles of law. *Id.* at 146-47.

## CONCLUSION

As our superior court previously affirmed the only findings of guilty remaining in this case, our review is limited to the sentence as approved by the convening authority. *Lopez*, 76 M.J. at 156. On consideration of the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the sentence is AFFIRMED.

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court